**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**V.**  NO. 4:15-CR-93

**LARRY EIFLING**

**ORDER**

On September 29, 2015, Larry Eifling was convicted of willfully failing to pay over to the Internal Revenue Service federal taxes withheld and collected from the employees of two businesses he owned and/or operated. Docs. #13, #26. On April 7, 2016, this Court sentenced Eifling to twenty-four months imprisonment followed by three years of supervised release. Docs. #21, #26. After serving his term of imprisonment, Eifling began his three-year term of supervised release on June 8, 2018.[1]

On December 18, 2019, Eifling filed a motion asking that his period of supervised release be terminated early. Doc. #35. The government did not respond to the motion.

**I**
**Analysis**

18 U.S.C. § 3583(e), which governs the modification of supervised release, provides in relevant part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

---

[1] Eifling was released from the Bureau of Prisons on March 28, 2018, to complete his term of imprisonment utilizing a location monitoring program. He completed the program on June 8, 2018, and is reported to have received one infraction during the program—he left home outside of his scheduled hours.

Beyond requiring the consideration of specific § 3553 factors,[2] § 3583(e)(1)'s inclusion of "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make[s] clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citation omitted). In practice, courts have concluded that "early termination is reserved for rare cases of exceptionally good behavior" or other instances of "changed circumstances," *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (collecting cases) (cleaned up), such as undue hardship, *Emmett*, 749 F.3d at 819–20. Findings that a defendant has "demonstrated neither a change in circumstances nor exceptionally good behavior are best interpreted as relevant to a determination … that early termination would not serve the interest of justice." *United States v. Sung Ho Kim*, 745 F. App'x 694, 695 (9th Cir. 2018).

In his motion, Eifling argues that early termination of his supervised release period is warranted because

> he has been a model probationer, has not been violated, has exercised all manner of probationary terms, has fully cooperated with his Probation Officer and is not now nor has he ever been in violation of any of the terms of such probation and Supervised Release.

Doc. #35 at 2.[3]

---

[2] These factors are:

> the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, for public protection from further crimes of the defendant, and for correctional treatment for the defendant; the guidelines range; the Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense.

*United States v. Johnson*, 877 F.3d 993, 996 n.7 (11th Cir. 2017).

[3] The motion correctly represents that "the Probation Service will not oppose the early termination of the Defendant's period of Supervised Release/Probation." Doc. #35 at 2. Since his supervised release term began, Eifling has incurred two minor traffic violations—a citation for speeding and a citation for expired vehicle registration. He paid the fines for both and reported both to his probation officer.

"[M]ere compliance with the conditions of … supervision … is not enough to warrant early termination of supervised release." *United States v. Wesley*, 311 F. Supp. 3d 77, 81 (D.D.C. 2018). Indeed, "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Rather, to justify early termination, "a defendant's exceptionally good behavior [must] make[] the previously imposed term of supervised release either too harsh or inappropriately tailored to serve general punishment goals." *Id*. (internal quotation marks omitted). This occurs when a defendant goes beyond the terms of his supervised release to "turn[] himself around," such as by disassociating "himself from destructive influences and peers." *United States v. King*, 551 F. Supp. 2d 1298, 1300 (D. Utah 2007).

Here, Eifling's motion relies on nothing beyond his compliance with the terms of his supervised release. He therefore has not shown exceptionally good behavior or another change in circumstances which would establish that his current term of supervised release is too harsh or inappropriately tailored to serve general punishment goals. Accordingly, Eifling's motion for early termination will be denied.

## II
## Conclusion

For the reasons above, Eifling's motion for the early termination of his supervised release period [35] is **DENIED**.

**SO ORDERED**, this 27th day of January, 2020.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**